<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>                    *Plaintiff*,<br><br>         v.<br><br>JOHN DOE subscriber assigned IP address 173.63.123.216<br>                    *Defendant.* | Civil No.: 2:21-cv-15651 (KSH) (LDW)<br><br><br><br>OPINION |

<u>**Katharine S. Hayden, U.S.D.J.**</u>

I.      Introduction

Presently before the Court is one of several lawsuits filed by plaintiff Strike 3 Holdings, LLC ("Strike 3") alleging copyright infringement of its adult films. The instant lawsuit alleges that defendant John Doe, subscriber assigned IP address 173.63.123.216 ("defendant") infringed 25 of Strike 3's copyrighted films in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501. Defendant did not answer the complaint or otherwise respond in this matter, and Strike 3 has now moved (D.E. 17) for entry of a permanent injunction and final judgment by default pursuant to Fed. R. Civ. P. 55(b). Strike 3 has also asked the Court to unseal any documents filed under temporary seal in this matter and to remove defendant's pseudonym identifier.

II.     Background

Strike 3 is the owner of "award-winning, critically acclaimed adult motion pictures" that are registered with the United States Copyright Office. (D.E. 8, FAC ¶¶ 2, 45.) Because its works are often pirated, Strike 3 developed an infringement detection system called "VXN Scan." (*Id.* ¶¶ 16, 27.) Strike 3 alleges that VXN Scan established a direct connection with defendant's IP address and determined that he had used a peer-to-peer sharing network called

1

BitTorrent to illegally download and distribute 25 of Strike 3's copyrighted works. (*Id.* ¶¶ 28-31, 37.)

On August 18, 2021, armed only with defendant's IP address, Strike 3 filed a one-count complaint alleging copyright infringement in violation of the Copyright Act. (D.E. 1.) Soon after, Strike 3 was granted leave to file a third-party subpoena on defendant's internet service provider to obtain his name and address. (D.E. 3, 5.) Strike 3 filed an amended complaint that identified defendant by name and address on January 12, 2022 and effectuated service the next day. (D.E. 8, 12.) Defendant did not answer the amended complaint or otherwise respond, and the clerk entered default against him on April 21, 2022. (*See* D.E. 14, 15.)

Strike 3 now moves for entry of a permanent injunction and final judgment by default pursuant to Fed. R. Civ. P. 55(b).[1] In its motion, Strike 3 seeks an injunction permanently enjoining defendant from to continuing to infringe its works and requiring him to delete any works in his possession, custody, or control, as well as statutory damages and costs. (*See* D.E. 17-1, Mov. Br.) Strike 3 also asks the Court to unseal any documents filed under temporary seal in this matter, and to identify defendant by name and address so that Strike 3 may enforce the judgment. (*See id.*)

---

[1] Strike 3 mailed copies of its request for entry of default to defendant's residence via certified and regular mail; the copy sent via certified mail was returned, but the copy sent via regular mail was not. (D.E. 22, Supp. Cert. Serv. ¶¶ 5-6.) Strike 3 also mailed copies of its default judgment motion papers to defendant's residence via first class and certified mail, both of which were returned. (*Id.* ¶¶ 2-4.) Accordingly, on May 15, 2022, Strike 3 personally served defendant with copies of its motion papers. (*Id.* ¶¶ 9-10, Ex. B.)

### III. Discussion

#### A. Legal Standard

The Court may enter default judgment under Fed. R. Civ. P. 55(b)(2) against a properly served defendant who does not file a timely responsive pleading. The "entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). However, that discretion is not without limits; rather, it is preferred that "cases be disposed of on the merits whenever practicable." *Id.* at 1181.

"[B]efore entering default judgment, the Court must determine whether the 'unchallenged facts constitute a legitimate cause of action.'" *Days Inn Worldwide, Inc. v. Jai Shree Jalaram, Inc.*, 2022 WL 310205, at *2 (D.N.J. Feb. 1, 2022) (McNulty, J.) (quoting *DirecTV, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (Rodriguez, J.)). It must also be satisfied that it has subject matter and personal jurisdiction, and that the defendant was properly served. *See Baymont Franchise Sys., Inc. v. Shree Hanuman, Inc.*, 2015 WL 1472334, at *2, 3 (D.N.J. Mar. 30, 2015) (McNulty, J.). If those threshold requirements are satisfied, the Court must then "make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (Ackerman, J.) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

#### B. Default Judgment Analysis

##### a. Threshold Requirements

Strike 3 has met the threshold requirements for entry of default judgment.

First, Strike 3 has provided the Court with a certificate of service which demonstrates that defendant was served personally at his residence in New Jersey in compliance with Federal Rule of Civil Procedure 4(e) and New Jersey Court Rule 4:4-4(a)(1). (*See* D.E. 12.)

Second, the Court is satisfied that it has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because the complaint asserts federal copyright claims. (*See* FAC ¶¶ 8, 56-61.) The Court also has personal jurisdiction over defendant because his IP address was traced to a physical address in New Jersey and, as explained *supra*, service was effectuated pursuant to New Jersey Court Rule 4:4-4(a)(1). *See Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 684 (D.N.J. Aug. 13, 2015) (Simandle, J.) (an individual's "domicile, or home, constitutes the paradigmatic forum for the exercise of general jurisdiction (internal citations and quotations omitted)); *see also Strike 3 Holdings, LLC v. Doe*, 2022 WL 16744122, at *2 (D.N.J. Nov. 7, 2022) (Martini, J.) (court had personal jurisdiction over John Doe defendant where service was effectuated pursuant to New Jersey Court Rule 4:4-4(a)(1)).

### b.  Legitimacy of Copyright Infringement Claim

Strike 3 alleges one count of copyright infringement in violation of 17 U.S.C. §§ 106 and 501. To state a copyright infringement claim, "a plaintiff must establish: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 67 (3d Cir. 2018) (quoting *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002)); *accord Douglas v. Osteen*, 317 F. App'x 97, 99 (3d Cir. 2009). Furthermore, a plaintiff must present evidence "to confirm that [the] [d]efendant is indeed the infringer" because "it is not enough for a plaintiff in a copyright infringement case to simply tie a defendant to an IP

address." *Strike 3 Holdings, LLC v. Vokoun*, 2022 WL 310201, at *3 (D.N.J. Feb. 2, 2022) (Hillman, J.).

Here, Strike 3 alleges that it owns valid, registered copyrights for the works at issue. (*See* FAC ¶¶ 4, 57.) It further alleges that defendant illegally downloaded, copied, and distributed Strike 3's copyrighted works through BitTorrent, and describes the process by which it discovered the infringement—namely, its piracy detection software VXN Scan connected with defendant's IP address, downloaded pieces of several media files, and identified those pieces as portions of Strike 3's works. (*See id.* ¶¶ 28-43, Ex. A.) Finally, Strike 3 alleges facts that tie defendant to the infringing conduct, including that: (i) the infringing IP address was assigned to defendant's residence during the period of infringement; and (ii) Strike 3's investigations confirmed that defendant's other BitTorrent network activity is consistent with the interests displayed on his publicly available social media profiles. (*See id.* ¶¶ 47-55.) Accordingly, Strike 3 has alleged a legitimate cause of action for infringement against defendant.

### c. Analysis of *Emcasco* Factors

Turning to the *Emcasco* factors—*i.e.*, (i) the existence of a meritorious defense; (ii) the prejudice that Strike 3 will suffer if default judgment is not entered; and (iii) defendant's culpability in the default—the Court finds that all three factors weigh in favor of granting default judgment. First, in light of defendant's failure to answer or otherwise respond in this matter, "no meritorious defense presently exists with respect to deciding this motion for default judgment." *United States v. Vo*, 2016 WL 475313, at *3 (D.N.J. Feb. 8, 2016) (Hillman, J.). Second, failure to enter default judgment would result in prejudice to Strike 3, which has "no other means to vindicate [its] claims." *Id.*; *see Vokoun*, 2022 WL 310201, at *3 ("Not entering default judgment would simply result in an interminable delay during which Defendant continues to violate

Plaintiff's rights."). Third, there is nothing in the record "to suggest that anything other than [defendant's] willful negligence caused [its] failure to file an answer. *Prudential Ins. Co. of Am. v. Taylor*, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) (Arleo, M.J.). Accordingly, defendant's "failure to answer, without providing any reasonable explanation, permits the [C]ourt to draw an inference of culpability." *Audi AG v. Posh Clothing, LLC*, 2019 WL 1951166, at *7 (D.N.J. May 2, 2019) (Vazquez, J.).

### C. Remedies

Having determined that default judgment is appropriate, the Court next assesses the remedies sought by Strike 3, mindful of the fact that its damages allegations need not be accepted as true. See *Radius Bank v. Revilla & Co.*, 2021 WL 794558, at *4 (D.N.J. Mar.2, 2021) (Shipp, J.) ("Although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." (quoting *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008) (Kugler, J.))).

#### a. Injunctive Relief

Strike 3 seeks a permanent injunction barring defendant from continuing to infringe upon its copyrighted works, and further requiring him to delete and permanently remove any of Strike 3's copyrighted works in his possession, custody, or control. (*See* D.E. 17-3.)

Under the Copyright Act, district courts are authorized to "grant temporary and final injunctions on such terms as [they] may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). They may also "order the destruction or other reasonable disposition of all copies . . . found to have been made or used in violation of the copyright owner's exclusive rights" as part of their final judgment. 17 U.S.C. § 503(b). In deciding

whether to grant injunctive relief, the district court must consider whether: "(1) the moving party has shown actual success on the merits; (2) the moving party will be irreparably injured by the denial of injunctive relief; (3) the granting of the permanent injunction will result in even greater harm to the defendant; and (4) the injunction would be in the public interest." *Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001). Where a permanent injunction is requested "in the context of a default judgment," the district court may issue the injunction if the above factors favor the plaintiff. *Howard v. Laws*, 2014 WL 3925536, at *8 (D.N.J. Aug. 12, 2014) (Wolfson, J.).

Here, all four factors favor entry of a permanent injunction. First, defendant's failure to appear prevents the Court from deciding this case on its merits. However, as explained *supra*, Strike 3 "has pled facts to support a default judgment against the [d]efendant and thus . . . has shown success on the merits." *Malibu Media, LLC v. Flanagan*, 2014 WL 2957701, at *5 (E.D. Pa. July 1, 2014); *see Celgene Corp. v. Distinct Pharma*, 2019 WL 1220320, at *6 (D.N.J. Mar. 13, 2019) (McNulty, J.) (granting permanent injunctive relief in context of default judgment where plaintiff "established the elements of an infringement claim on the merits").

Second, Strike 3's argument that "nothing will prevent [d]efendant from continuing" his infringement (Mov. Br. at 24) is "a credible assertion given [his] failure to respond to the complaint." *Doe*, 2022 WL 16744122, at *4 (internal citations and quotations omitted); *see Ottomanson, Inc. v. UCAI, LLC,* 2020 WL 205945, at *4 (D.N.J. Jan. 10, 2020) (McNulty, J.) (finding irreparable harm in default judgment context, reasoning that "[t]he defendant has declined to answer or respond, and the plaintiff cannot ascertain even its past damages, let alone the fact or amount of continuing infringements"). That concern is particularly acute "due to the nature of BitTorrent," which makes "tracing the extent and magnitude of the damage . . .

7

impossible." *Doe*, 2022 WL 16744122, at *4 (internal citations and quotations omitted). Accordingly, Strike 3 will be irreparably harmed if injunctive relief is not granted.

Third, an injunction will not result in even greater harm to defendant, as he "is an infringer, and has no legitimate right" to Strike 3's works. *Celgene Corp.,* 2019 WL 1220320, at *6. Rather, an injunction would require him to delete any copyrighted works in his possession and prevent future infringement—*i.e.*, to abstain from illegality. *See Malibu Media, LLC v. Toshi Yamada*, 2019 WL 1586813, at *3 (D.N.J. Apr. 12, 2019) (Salas, J.) ("[T]he balancing of the hardships weighs in favor of Plaintiff because [t]he only hardship imposed upon the Defendant is that they obey the law." (internal citations and quotations omitted)); *see also Strike 3 Holdings, LLC v. Gray*, 2022 WL 952728, at *4 (E.D. Pa. Mar. 30, 2022) (finding that injunction "presents minimal harm to Defendant as it only enjoins activity that is already prohibited by statute").

Finally, the public interest favors an injunction. "[I]t is virtually axiomatic that the public interest can only be served by upholding copyright protections." *Silvertop Assocs., Inc. v. Kangaroo Mfg., Inc.*, 319 F. Supp. 3d 754, 770 (D.N.J. 2018) (Hillman, J.) (quoting *Apple Computer, Inc. v. Franklin Computer Corp.,* 714 F.2d 1240, 1255 (3d Cir. 1983). Furthermore, an injunction will not prevent the public from accessing Strike 3's copyrighted works; to the contrary, anyone who wishes to access them can still do so "by purchasing access through legal channels." *Vokoun*, 2022 WL 310201, at *5.

Accordingly, Strike 3 is entitled to the requested injunctive relief.

### b. Monetary Damages

Turning to monetary damages, Strike 3 first requests statutory damages pursuant to 17 U.S.C. § 504(a)(2) in the amount of $18,750 (or $750 for each infringed work), which represents

the minimum statutory damages permitted under the Copyright Act. *See* 17 U.S.C. § 504(c)(1) (statutory damages range from "not less than $750" to not "more than $30,000"). Where, as here, "liability is established through default judgment rather than the merits, courts routinely award the minimum statutory damages amount." *Malibu Media, LLC v. Tsao*, 2016 WL 3450815, at *4 (D.N.J. June 20, 2016) (Arleo, J.) (citing cases). This Court will follow suit. *See Vokoun*, 2022 WL 310201, at *4 (granting default judgment in favor of Strike 3 and awarding $18,000 for 24 infringed works, reasoning that "[i]n this context where Plaintiff is requesting the minimum amount it could be awarded as statutory damages, the Court finds that such an award would be just"); *see also Doe*, 2022 WL 1674412, at *4 (granting default judgment in favor of Strike 3 and finding that requested $20,250 for 27 infringed works was "just").

Strike 3 also seeks filing fees and service costs pursuant to 17 U.S.C. § 505, which provides that "the court in its discretion may allow the recovery of full costs." It requests $507 comprised of $402 in filing and administrative fees and $105 in service costs, and its counsel has submitted a certification itemizing the fees and costs associated with this case as well as supporting documentation. (*See* D.E. 19, Atkin Cert. ¶¶ 18-19, Ex. B.) The Court finds these proofs sufficient and will award Strike 3 the amount sought. *See Doe*, 2022 WL 16744122, at *4 (awarding Strike 3 $507 for filing fees and service costs supported by attorney certification and exhibits); *see also Vokoun,* 2022 WL 310201, at *5 (same, but awarding $526.60).

    **c. Defendant's Identity**

Finally, Strike 3 asks the Court to unseal any documents filed under temporary seal in this matter and to identify defendant by name and address so that Strike 3 may enforce its judgment. As a general matter, Fed. R. Civ. P. 10(a) requires parties to a lawsuit to identify themselves in their pleadings, which illustrates "the principle that judicial proceedings, civil as

well as criminal, are to be conducted in public." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). However, courts have allowed parties to proceed anonymously in exceptional circumstances; namely, if they can show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Id.* (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)).

Defendant has not participated in this action and, therefore, has not made that showing. *See Doe*, 2022 WL 16744122, at *4 (Martini, J.) (granting motion for default judgment in favor of Strike 3 and directing clerk "to remove the pseudonym in the case caption to identify the [d]efendant by name and unseal the documents previously sealed in this action," where defendant never appeared and thus could not satisfy his burden of demonstrating that exceptional circumstances justified permanent seal); *see also Vokoun*, 2022 WL 310201, at *6 (Hillman, J.) (granting default judgment in Strike 3's favor and directing clerk to unseal documents and revise case caption to identify defendant).[2]

### IV.   Conclusion

For the reasons set forth above, Strike 3's motion (D.E. 17) is granted. An appropriate order and judgment will follow.

Date: December 29, 2022

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.

---

[2] The issue of anonymity was thoughtfully discussed in *Strike 3 Holdings, LLC v. Doe*, 2022 WL 14838018 (D.N.J. Oct. 26, 2022) (Bumb, J.) and *Strike 3 Holdings, LLC v. Doe*, 2022 WL 2274473 (D.N.J. June 23, 2022) (Hillman, J). The takeaway from those opinions is that Strike 3's choice of proceeding against an anonymous defendant may be weaponizing its dealings with that defendant, which provides a further basis for revealing defendant's identity in this case.